UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA PORTER,<br><br>        Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>        Defendant. | CASE NO.   C05-5166FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 3, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed. After carefully reviewing the record, the undersigned recommends that the Court remand the matter for further administrative proceedings.

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Born in 1961, Plaintiff was 43 years old at the time the ALJ issued her decision (Tr. 94). She did not complete high school but obtained a GED and worked in the past as a caretaker, seamstress, pizza deliverer, cashier, film cutter, and market research telephone interviewer (Tr. 139, 156).

Plaintiff filed an application for disability insurance benefits on November 19, 1999, alleging she was disabled beginning March 1, 1998 (Tr. 91-93). That application was denied at the initial level on April 25, 2000 and Plaintiff did not appeal (Tr. 50-53). Plaintiff filed a new application for disability insurance benefits on July 11, 2001 and an application for SSI disability benefits on June 28, 2001, with a protective

filing date of June 19, 2001 (Tr. 94-96, 748-52). She alleged she was disabled beginning in August 2000, due to a panic disorder with agoraphobia, possible nerve damage to her low back, post traumatic stress disorder, and depression (Tr. 133). For purposes of establishing entitlement to disability insurance benefits, Plaintiff had insured status through September 2003 (Tr. 105).

Her applications were denied initially (Tr. 54-57, 754-57) and at the reconsideration level (Tr. 759-63, 63-67), and she then requested a hearing (Tr. 68). A hearing was held on February 23, 2004, at which time the ALJ heard testimony from Plaintiff, and David Clemmons, Ph.D., a medical expert, who testified by telephone (Tr. 770-826). On May 3, 2004, the ALJ issued a decision, denying Plaintiff's applications (Tr. 23-45). The Appeals Council denied Plaintiff's request for review on February 18, 2005, making the ALJ's decision the Commissioner's final decision (Tr. 10-12). 20 C.F.R. §§ 404.981, 416.1481, 422.210.

Plaintiff filed her complaint for judicial review by the Court on March 8, 2005. Plaintiff raises five issues (Plaintiff's Opening Brief (Pl.'s Br.)):

1. Whether Plaintiff's due process rights were violated when the medical expert testified at the hearing by telephone;

2. Whether the ALJ's properly considered the medical evidence;

3. Whether the ALJ's residual functional capacity determination incorporated all credible evidence;

4. Whether the ALJ properly found that Plaintiff could return to her past relevant work or other work, based on the Medical-Vocational Guidelines; and

5. Whether the ALJ was biased solely because she believed Plaintiff's disability was due to her substance abuse.

After reviewing the record, this court finds that the ALJ decision is not free of legal error and a remand for further proceedings is appropriate.

### DISCUSSION

The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,

1  402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla
2  but less than a preponderance.  <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v.
3  Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
4  interpretation, this Court must uphold the Commissioner's decision.  <u>Allen v. Heckler</u>, 749 F.2d 577, 579
5  (9th Cir. 1984).

6       Plaintiff alleges that her due process rights were violated because Dr. Clemmons, the
7  administration's Medical Expert, did not appear in person at the hearing.  Plaintiff also alleges that Social
8  Security Administration regulations prohibit testimony by telephone, citing to 20 C.F.R. § 404.950(e) (Pl.'s
9  Br. at 10).

10       At the hearing, Dr. Clemmons, appeared by telephone (Tr. 774).  Dr. Clemmons listened to
11  Plaintiff's testimony (Tr. 774, 779-809). After listening to Plaintiff's testimony, Dr. Clemmons asked
12  Plaintiff several questions (Tr. 809-14).  Plaintiff's attorney was allowed the opportunity to question Dr.
13  Clemmons (Tr. 821-25).(Pl.'s Br. at 9-10).

14       The Social Security regulation at issue provides that witnesses "may appear at a hearing in person,
15  or, when the conditions in § 404.936(c) exists, video teleconferencing." 20 C.F.R. § 404.950(e).
16  Defendant argues the regulation does not state that personal and videoconference appearances are
17  the only two methods for providing testimony, and the ALJ did not violate the regulation or legally err
18  when she allowed Dr. Clemmons to appear and testify at the hearing by telephone.  The court is not
19  persuaded by Defendant's argument.

20       The undersigned finds the regulation's language clearly permits appearances, in person and by
21  videoconference, under certain conditions.  The plain and natural meaning of this regulation does not
22  support the administrations use of telephone appearances in its administrative hearings.   In other words,
23  the regulation limits witness appearance and testimony to personal appearances and videoconferences.
24  The specificity used in allowing videoconferences supports the finding that telephone conferences are not
25  an acceptable media to facilitate an appearance by a witness at an administrative hearing.

26       The ALJ's decision to allow Dr. Clemmons to appear and testify via telephone  may not amount to
27  a due process violation; however,  it clearly violates the administration's regulations.  Thus, the
28  undersigned must conclude the ALJ's decision in this matter is not free of legal error.  Given this error, the

REPORT AND RECOMMENDATION
Page - 3

administration should review the matter in its entirety, and plaintiff may raise all of his arguments and any other issues to support her applications for social security benefits

## CONCLUSION

Based on the foregoing discussion, the administrative decision should be remanded for further proceedings consistent with this decision.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 3, 2006**, as noted in the caption.

DATED this 9th day of February, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge