UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA PORTER,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | CASE NO.   C05-5166FDB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

    Plaintiff seeks disability insurance benefits alleging that she is disabled with a panic disorder with agoraphobia, possible nerve damages to her low back, post traumatic stress disorder, and depression. The Magistrate Judge recommends remand to the Administrative Law Judge for further proceedings because at the hearing, the Social Security Administration's medical expert, David Clemmons, Ph.D. testified by telephone rather than appearing in person at the hearing.

    Defendant objects, and in support of her position that vocational and medical experts may testify by telephone, files the declaration of David B. Washington, the Chief Administrative Law Judge of the Office of Hearing and Appeals (OHA) of the Social Security Administration, which sets forth some relevant history of the regulations regarding hearings as well as the provisions of the Hearings, Appeals and Litigation Law Manual (HALLEX).

    At the hearing, Plaintiff objected to David Clemmons, Ph.D. testifying by telephone. The ALJ stated that although she normally has the medical expert testify in person, in this instance she would take

ORDER
Page - 1

the testimony by telephone in order "to keep the case moving." She them stated that if there were problems with the telephone testimony, she would "be the first to agree" and that the hearing would be held over, and Plaintiff's counsel agreed to this proposal. Once the hearing was underway, Dr. Clemmons listened to Plaintiff's testimony and asked Plaintiff several questions. Dr. Clemmons was then placed under oath and was questioned by the ALJ who obtained his opinions about the nature and severity of Plaintiff's impairments, and Plaintiff's attorney also questioned Dr. Clemmons.

The statute empowering the Commissioner to hold hearings provides for reasonable notice and opportunity for a hearing, authorizes the Commissioner to "administer oaths and affirmations, examine witnesses, and receive evidence," and provides that "evidence may be received" at a hearing "even though inadmissible under rules of evidence applicable to court procedure," but the statute is silent as to how the hearings are to be conducted. *See* 42 U.S.C. § 405(b)(1). When a statute is silent or ambiguous, the courts must defer to a reasonable construction by the agency charged with its implementation and "[s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 844 (1984).

The regulations governing hearings before administrative law judges are found at 20 C.F.R. §§ 404.929 through 404.961. 20 C.F.R. § 404.950(e) states: "Witnesses at a hearing. Witnesses may appear at a hearing in person or, when the conditions in § 404.936(c) exist, by video teleconferencing." Defendant argues that the Commissioner has not interpreted this regulation to list the exclusive means for taking testimony at a hearing and that taking testimony by telephone is not prohibited. Indeed, notes Defendant, testimony through interrogatories was referenced in the preamble to the Commissioner's 2003 final rules "with request for comment" on the use of video teleconferencing for appearances at hearings. The Hearings, Appeals and Litigation Law Manual (HALLEX) was updated on September 28, 2005 to "add references to telephone and video-conference testimony." Although the references to telephone testimony were new, the practice of obtaining testimony by telephone was not, according to Chief ALJ David B. Washington. Although the HALLEX is not binding, this internal agency guidance should be given deference. *See generally, Skidmore v. Swift and Co.*, 323 U.S. 134 (1944), *U.S. v. Mead*, 533 U.S. 218 (2001). Washington states:

ORDER
Page - 2

> OHA [Office of Hearings and Appeals] has a long, established practice of permitting testimony by vocational and medical experts in administrative hearings before an ALJ by telephone. In the mid-1990s, OHA commenced a practice to permit testimony to be taken by telephone. To that end. OHA purchased equipment for its hearing offices to facilitate the taking of testimony by telephone.

Washington Decl. ¶ 3. Practical considerations are mentioned as well for allowing testimony to be presented by telephone. Hearings may be scheduled sooner when the expert does not have to travel, and insures complete testimony in those instances where expert testimony would not otherwise have been available. *Id.* ¶ 4. The Commissioner also contends that costs are reduced by the use of telephonic testimony.

Additionally, Defendant argues that the Plaintiff has not shown a due process violation, and the Magistrate Judge did not conclude that the asserted error in taking telephone testimony amounted to a due process violation.

Having reviewed the record and the parties' arguments, the Court concludes that the Magistrate Judge's decision is correct and that this matter must be remanded to the Secretary for further proceedings before another Administrative Law Judge.

Plaintiff points to three regulations at issue, each of which expressly contemplates either live witnesses or video teleconferencing. Moreover, as Defendant concedes, the HALLEX is not binding. While there may be practical reasons that support taking a witness's testimony by telephone, nevertheless, those reasons have not resulted in an express provision being placed in the regulations.

An administrative agency, such as the Social Security Administration is required to follow its own regulations. The ALJ's hearing notice failed to inform Plaintiff that the medical expert would not be present at the hearing and would testify by telephone. The Court agrees that the natural and plain meaning of the regulations in question establishes that there are only two methods by which a witness may appear at Social Security hearings, and a disability claimant is entitled to notice of which method will be used. The ALJ failed to comply with these regulations.

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of Judge J. Kelley Arnold, United States Magistrate Judge, and objections to the report and recommendation, and the remaining record, does hereby find and ORDER:

    (1)    The Court adopts the Report and Recommendation;

ORDER
Page - 3

(2) the ALJ erred in her decision as described in the report;

(3) the matter is remanded for further proceedings consistent with this decision before another ALJ; and

(4) The Clerk is directed to send copies of this Order to Plaintiff's counsel, Defendant's counsel and Magistrate Judge J. Kelley Arnold.

DATED this 11th day of April 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE